# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21-cr-516 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CHRISTIAN JUWAN TRENT, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Christian Juwan Trent ("Trent") styled "Motion for Reconsideration/Revocation of the Order of Detention of the Defendant, Christian Juwan Trent Pending Trial." (Doc. No. 26.) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 28.) Trent does not seek a hearing in connection with his motion and because the motion relies primarily upon issues, arguments and evidence previously before the magistrate judge, the Court finds that the present motion may be considered on the parties' written submissions. As part of its *de novo* review, the Court has reviewed the following:

(1) the indictment (Doc. No. 1);

(2) the pretrial services report (Doc. No. 29);

(3) the magistrate judge's order of detention (Doc. No. 28-2);

(4) the police report from Trent's August 25, 2021 arrest (Doc. No. 28-1);

(5) Trent's motion to revoke (Doc. No. 26); and

(6) the government's opposition to the motion to revoke (Doc. No. 28).

I. **BACKGROUND**

On July 14, 2021, a federal grand jury sitting in the Northern District of Ohio returned a three count indictment charging Trent, and a second individual, with conspiracy to distribute controlled substances (fentanyl), in violation of 21 U.S.C. § 846; distribution of a controlled substance (fentanyl), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2; and attempted possession with intent to distribute controlled substances (fentanyl), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2. (Doc. No. 1 (Indictment).) On August 25, 2021, Trent was arrested in Columbus, Ohio by police officers on the basis of a federal warrant issued upon the present indictment, as well as a new state weapons offense of improperly handling firearms in a motor vehicle. He was also charged with a misdemeanor traffic violation for driving without a valid driver's license. (Doc. No. 28-1.) According to the police report, Trent was found to be driving a motor vehicle in which he acknowledged that there was a firearm under the passenger seat and stated that a friend left the weapon in the vehicle. (*Id*. at $2^1$.)

At Trent's arraignment in the United States District Court for the Southern District of Ohio, the government moved for detention pending trial. On September 3, 2021, Magistrate Judge Kimberly A. Jolson conducted a detention hearing, after which the magistrate judge granted the government's motion. (Doc. No. 28-2.) In ordering Trent detained pending trial, the Court found the existence of a rebuttable presumption under 18 U.S.C. § 3142(e)(3) that "no condition or combination of conditions will reasonable assure the appearance of [Trent] as required and the safety of the community because there is probable cause to believe that [Trent] committed . . . an offense for which a maximum term of imprisonment of 10 years or more is

prescribed in the Controlled Substances Act[.]" (*Id*. at 2.) In finding that Trent had not rebutted the presumption, the magistrate judge found: the weight of the evidence against Trent was strong, he was subject to a lengthy period of incarceration if convicted, he had a prior criminal history (as well as a history of violence or use of weapons and alcohol or substance abuse), he lacked stable employment, he had previously failed to appear in court as ordered, and he had prior violations of probation, parole or supervised release. (*Id*. at 2–3.)

On November 3, 2021, the Court granted defendants' joint motion for an extension of all dates and deadlines in the case. (Doc. No. 25.) Currently, a final pretrial conference is scheduled in this matter for February 23, 2022 and a jury trial is scheduled to begin, on a standby basis, on March 21, 2022. (*Id*.)

## II. DISCUSSION

Trent now seeks review and revocation of the magistrate judge's order revoking bond and imposing detention. Title 18 U.S.C. § 3145(b) permits a defendant to seek review of a pretrial detention order of a magistrate judge.[2] When the Court "acts on a motion to revoke or amend a magistrate's detention order, [it] acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*,

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

[2] The Court also has the authority to reopen a detention hearing at any time based on changed circumstances. A detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before the trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The Court interprets Trent's motion as a request for *de novo* review of the magistrate judge's detention order under § 3145(b), and not a request to reopen the detention proceedings under § 3142(f). Nevertheless, if the Court did consider the motion under § 3142(f), it would still fail. While the Court would find that the dismissal of the recent state law gun and traffic charges constitutes new material information for purposes of § 3142(f), for all of the reasons to follow, the Court would still find continued detention appropriate.

3

974 F.2d 580, 585 (5th Cir. 1992). Trent does not deny that he is subject to a rebuttable presumption in favor of detention by virtue of the charged controlled substance offenses. *See* 18 U.S.C. § 3142(e)(3)(A).

While the defendant has the burden of production to rebut the presumption, the government retains the overall burden of persuasion on a motion for detention. *United States v. Stone*, 608 F.3d 939, 945–46 (6th Cir. 2010). In particular, the government retains the ultimate burden of proving that "no conditions of release can assure that the defendant will appear and [] assure the safety of the community." *Id*. a 946. "In determining whether the government has met the burden of persuasion, the court must consider" the following factors: (1) the nature and circumstances of the offense(s) charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the individual's release. *Id*.

Trent argues that "[t]here were several changes in the determining factors that rebut the presumption of detention." (Doc. No. 26 at 2.) Specifically, he represents that the charges relating to the misdemeanor traffic offense and the felony weapons offense were subsequently dismissed by the Franklin County Prosecutor's Office. (*Id*.) According to Trent, the weapons offense was dismissed after his counsel contacted the prosecutor's office in Franklin County and advised that the weapon was properly licensed to a person who was visiting Trent and was left in the vehicle without Trent's knowledge. (*Id*.) It is Trent's position that these changes in circumstances—coupled with the fact that he now has verified employment—measurably change

4

the calculus such that release pending trial is now warranted.[3]

The Court disagrees. A history of weapons use was only one of the nine specific fact-findings upon which the magistrate judge relied in concluding that Trent had not rebutted the presumption in favor of detention. Trent does not address the majority of the other findings, including: the weight of the evidence, the likelihood of a lengthy sentence if convicted, prior failure to appear in court in 2019 (for which a bench warrant was issued), and a bond violation in a prior case (that resulted in Trent being detained). (Doc. No. 28-2 at 2–3; *see* Doc. No. 29 at 3–4.) The last two unrebutted findings, in particular, are concerning in that they show a clear unwillingness to follow a court's directives regarding release. Given his history, the Court cannot find that Trent would be compliant on temporary release. While Trent indicates that he is willing to submit to location monitoring, his request is complicated by the fact that he wishes to be released to reside and work outside of this judicial district in Columbus, Ohio. (*See* Doc. No. 26 at 2–3.) With his history of failing to appear for scheduled court appearances, the Court has grave doubts that he would voluntarily appear if he is working and residing more than 125 miles from the Akron courthouse.[4]

---

[3] Trent also relies upon the fact that a magistrate judge in the Northern District of Ohio released his co-defendant on bond pending trial. Trent seeks review of his detention order, in part, to obtain parity between himself and his co-defendant. (Doc. No. 26 at 3.) However, the determination of the relevant factors under 18 U.S.C. § 3142(g), even when there are multiple defendants charged with the same offenses, is an "individualized one[,]" entirely dependent on the unique circumstances and characteristics attributable to each defendant. *See Stone*, 608 F.3d at 947.

[4] His request to be released on location monitoring is further complicated by the current global health crisis associated with the COVID-19 pandemic. Courts have found that the increased burden on pretrial services to monitor high-risk prisoners on home detention during this national crisis, as well as the likely risk to law enforcement who would have to take a non-compliant home detainee back into custody, also weigh in favor of denying motions for temporary release. *See, e.g., United States v. Martin*, 447 F. Supp. 3d 399, 403 (D. Md. 2020) (denying request for release due to COVID-19, noting that location monitoring puts pretrial services officers at risk); *United States v. Aiad-Toss*, No. 4:19-cr-00521, 2020 WL 1514482 (N.D. Ohio Mar. 30, 2020) (observing that "releas[e] … to home detention and electronic monitoring creates its own risks and undue burden on pretrial services").

Additionally, as Trent concedes, the charged criminal offenses are serious and inherently dangerous and will likely subject Trent to a lengthy period of incarceration if he is convicted. *See Stone*, 608 F.3d at 939 n.6 ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community.") (citing and quoting *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("[t]he risk of continued narcotic trafficking on bail constitutes a risk to the community")). The indictment charges Trent and his co-defendant with trafficking substantial quantities of fentanyl, an especially dangerous controlled substance. Courts have "routinely affirm[ed], on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." *Id*. (collecting cases). Accordingly, the nature and circumstances of the offenses charged and the weight of the evidence against Trent[5] strongly favor pretrial detention.

The Court sympathizes with Trent's desire to "settle all his affairs before final determination of the case[.]" (Doc. No. 26 at 3.) Nevertheless, even with the recent dismissal of the previously charged weapons offense and with the (renewed) promise of employment in another judicial district (a fact before the magistrate judge), the Court finds that Trent has failed to rebut the presumption in favor of detention, and, even if he had rebutted the presumption, the Court further finds that the factors of 18 U.S.C. § 3142(g) support detaining Trent pending trial.

---

[5] In *Stone*, the Sixth Circuit clarified that the weight of the evidence against the defendant "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." 608 F.3d at 948. Trent does not challenge the magistrate judge's finding that the weight of the evidence against him is strong.

III. **CONCLUSION**

Based on its *de novo* review, the Court finds that the record establishes by clear and convincing evidence that no condition or combination of conditions will reasonably assure Trent's appearance as required by the Court and the safety of any other person or the community.

For the foregoing reasons, Trent's motion to revoke the detention order is DENIED.

**IT IS SO ORDERED**.

Dated: January 5, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**